IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER B. STEVENS,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN FEDERAL BANK FSB, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br><br><br>Case No. 2:06-CV-397 TS |

      This matter comes before the Court on Plaintiff's Motion for a Temporary Restraining Order ("TRO"). Plaintiff's Motion was filed on May 15, 2006, and the Court heard oral arguments on the Motion on May 16, 2006. At the hearing, Plaintiff was represented by counsel and Defendant James Woodall represented himself, as well as the other Defendants for the limited purpose of that hearing. The Court orally denied Plaintiff's Motion for Temporary Restraining Order at the close of the hearing. The Court issues this ruling setting forth the reasoning for its decision, as stated at the hearing.

1

I.  BACKGROUND

Plaintiff filed his Complaint alleging violations of the Real Estate Settlement Procedures Act ("RESPA")[1] and the Fair Credit Billing Act ("FCBA")[2] on May 12, 2006.[3]  On May 15, 2006, Plaintiff filed the present Motion.  Plaintiff's Motion seeks a TRO to prevent Defendants—especially James Woodall, the trustee—from selling his property in a foreclosure sale on May 17, 2006, until a more formal hearing for injunctive relief can be held.

II.  TEMPORARY RESTRAINING ORDER STANDARD

The standard for granting a TRO is the same as that for a preliminary injunction and is as follows:

> The requesting party must demonstrate (1) that it has a likelihood of prevailing on the merits; (2) that it will suffer irreparable harm unless the [TRO] is issued; (3) that the threatened injury outweighs the harm the [TRO] might cause the opposing party; and (4) that the [TRO] if issued will not adversely affect the public interest.[4]
>
> If the party seeking the [TRO] can establish the last three factors listed above, then the first factor becomes less strict—i.e., instead of showing a substantial likelihood of success, the party need only prove that there are "questions going to the merits . . . so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation."[5]

---

[1] 12 U.S.C. § 2605.

[2] 15 U.S.C. § 1666.

[3] Docket No. 1.

[4] *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001).

[5] *Id*. at 1246–47 (quoting *Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999)).

The Tenth Circuit has further stated that, "'[a]s a [TRO] is an extraordinary remedy, the [requesting party's] right to relief must be clear and unequivocal.'"[6]

### III.  DISCUSSION

As noted above, Plaintiff must demonstrate four elements before the Court will issue a TRO.  These elements will be discussed separately below.

A.      LIKELIHOOD OF SUCCESS ON THE MERITS

The Court finds that Plaintiff has a likelihood of success on the merits with respect to his RESPA claim.  Based on the Court's reading of the statute, the Court believes that RESPA would prevent a servicer from taking action until the servicer has taken action with respect to the inquiry of the borrower.[7]  At this point, the Court would note that it is unclear whether the FCBA applies in this situation.[8]

B.      BALANCING OF HARMS

The Court finds that the balance of the harms falls in favor of Plaintiff.  As noted in Plaintiff's Motion and Memorandum, Plaintiff will lose his home if the sale goes forward, while Defendants will only suffer monetary damages related to postponing the foreclosure sale.  Therefore, the balance of the harms weighs in favor of Plaintiff.

---

[6] *Id*. at 1246 (quoting *SCFC ILC, Inc. v Visa USA*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

[7] The Court would note that because of the expedited nature of this hearing and Plaintiff's failure to cite any case law to support his argument that he is likely to succeed on the merits, this finding is based on the Court's limited review of the case law and is based primarily on the language of the statute.

[8] The statute applies to "consumer credit" transactions.  15 U.S.C. §1666.  Plaintiff has cited no case law, and the Court can find none, which says that a mortgage loan such as the one at issue in this case falls within the scope of FCBA.  Again, this finding is based on the Court's limited research of this issue because of the expedited nature of these proceedings.

C.  PUBLIC INTEREST

The Court also finds that the public interest weighs in favor of Plaintiff.  RESPA is a public interest statute.  RESPA is designed to protect consumers.  Thus, this element weighs in favor of Plaintiff.

D.  IRREPARABLE HARM

It is the final element—irreparable harm—which necessitates the Court denying Plaintiff's Motion.  The Court finds that, even if the sale is allowed to proceed, Plaintiff can still assert his claims against Defendants in this matter.  In addition, he would be entitled to damages under those statutes if he prevails.  The Court finds that Plaintiff can be made whole under the provisions he has cited, as well as others.  Moreover, Plaintiff's counsel stated at the hearing that Plaintiff was considering other options, such as paying of the amount Defendants allege is due and then pursuing these claims.  These considerations weigh against Plaintiff and require this Court to deny his Motion for Temporary Restraining Order.

IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Temporary Restraining Order (Docket No. 2) is DENIED.

DATED   May 17, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge