IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER STEVENS,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN FEDERAL BANK, FSB and OCWEN LOAN SERVICING, and JAMES H. WOODALL, trustee,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS AND CLOSING CASE<br><br><br>Case No. 2:06-CV-397 TS |

This matter is before the Court on several Motions to Dismiss,[1] and a Motion for a More Definite Statement.[2] Plaintiff, who proceeds *pro se*, has responded to none of them, despite repeated warnings from this Court.[3] Nevertheless, the Court proceeds to address the merits of the motions,[4] and issues the following ruling.

The facts in this action are set forth in the pleadings and memoranda. Plaintiff has sued Defendant Woodall, in his capacity as trustee under the Deed of Trust, and asserted that

---

[1] Docket Nos. 11, 21, 33.

[2] Docket No. 16.

[3] *E.g.*, Docket No. 32.

[4] *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) (noting need to address merits of issues raised in motions for which there are no responses).

Defendant violated the Real Estate Settlement Practices Act ("RESPA"), the Fair Credit Billing Act ("FCBA"), the Truth in Lending Act ("TILA"), and the Equal Credit Opportunity Act ("ECOA"). Defendant James Woodall now moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[5] "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[6] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[7] This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[8]

Plaintiff has not set forth, and the Court does not find, authority which controverts Defendant's contention that these federal statutes do not in any way regulate the conduct of trustees under deeds of trust, and therefore, do not provide Plaintiff with a private cause of action

---

[5] *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[6] *Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[7] *Id.* at 1110.

[8] *Id.*

against Defendant Woodall under the facts alleged by Plaintiff.[9] Accordingly, the Court will grant Defendant Woodall's Motion.

Defendant Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank, and erroneously sued as Ocwen Federal Bank, FSB, moves to dismiss upon the basis that Plaintiff has twice failed to serve it with the summons and the initial and amended Complaints in this action. The initial Complaint in this action was filed on May 12, 2006, and the amended Complaint was filed on September 8, 2006.

Fed. R. Civ. P. 4(m) states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after filing of the complaint, the court, upon motion . . . shall dismiss the action without prejudice." The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service.[10] If good cause is shown, the plaintiff is entitled to a mandatory extension of time.[11] Significantly, no prior notice prior to dismissal need be given to a plaintiff under Rule 4(m) when the plaintiff has been apprised by the defendant's motion.[12]

The Court finds that Plaintiff's has not indicated that good cause for failure to timely effect service exists. Therefore, the Court will grant Defendant Ocwen's Motion and dismiss this

---

[9]Moreover, the Court notes that Defendant Woodall is only vaguely mentioned in Plaintiff's Second Cause of Action under the FCBA.

[10]*Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) (citing *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995)).

[11]*Id.*

[12]*E.g. Cioce v. County of Westchester*, No. 04-4445, 2005 WL 859295, at **2 (2d Cir. April 15, 2005).

3

action without prejudice as against both Defendant Ocwen Loan Servicing, LLC and Ocwen Federal Bank, FSB.

For the foregoing reasons, it is therefore

ORDERED that Defendant Woodall's Motion to Dismiss (Docket No. 11) is GRANTED. Defendant's other Motions (Docket No. 16, 21) are MOOT. It is further

ORDERED that Defendant Ocwen Loan Servicing's Motion to Dismiss (Docket No. 33) is GRANTED WITHOUT PREJUDICE. The clerk of the court is directed to close this case forthwith.

SO ORDERED.

DATED June 4, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge